**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CHARLES HOLMES, individually and on behalf of all others similarly situated, 5612 Larson Ct. Capitol Heights, MD 20743-5519 | : : : : | |
|  | : | Case No.: 1:26-cv-2284 |
| Plaintiff, | : | on removal from |
|  | : | No. 2026-CAB-002972 |
| v. | : | in the Superior Court of the |
|  | : | District of Columbia |
| LINCOLN HOLDINGS LLC DBA MONUMENTAL SPORTS & ENTERTAINMENT 601 H Street, NW, Suite 600 Washington, D.C. 20001 | : : : : : | |
|  | : | |
| Defendant. | : | |

**DEFENDANT'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(d)(2), 1441(a), 1446, and 1453, and with full reservation of all defenses, Defendant Lincoln Holdings LLC d/b/a Monumental Sports & Entertainment ("Defendant") hereby removes the action styled *Charles Holmes v. Lincoln Holdings LLC dba Monumental Sports & Entertainment*, Case No. 2026-CAB-002972 (the "State Court Action") from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. As to the basis for removal, Defendant states as follows:

**BACKGROUND**

1.    This matter arises from a data-security incident that allegedly exposed the personal information of thousands of individuals associated with Defendant (the "Incident"), including Plaintiff Charles Holmes ("Plaintiff") (*See* Complaint, attached hereto as **Exhibit A**, ¶¶ 28-29.).

2.    On May 4, 2026, Plaintiff filed a class action complaint against Defendant in the

38326032.3

State Court Action, asserting claims for negligence, breach of implied contract, and unjust enrichment due to the Incident. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the State Court Action is attached hereto as Exhibit A.

3.      Defendant now removes the State Court Action to this Court pursuant to 28 U.S.C. §§ 1332(d)(2), 1441(a), 1446, and 1453. The grounds for removal are set forth below.

## JURISDICTION IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

4.      The Class Action Fairness Act of 2005 ("CAFA") vests district courts with "jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014); *see also* 28 U.S.C. § 1332(d)(2)(A), (5)(B). Those conditions are satisfied in this case.

5.      Here, this Court has jurisdiction under CAFA because (A) the State Court Action is a civil class action where the proposed class numbers more than 100 members, (B) minimal diversity exists, and (C) the amount in controversy exceeds $5,000,000.

**A.      The Putative Class Numbers More Than 100 Members.**

6.      Plaintiff purportedly seeks to represent a class consisting of "[a]ll individuals within the United States of America whose Private Information was exposed to unauthorized third parties as a result of the data breach purportedly discovered by Defendant on or before April 7, 2026." (Ex. A, Compl., ¶ 19.) Plaintiff alleges that the Incident is believed to have affected "thousands of other similarly situated persons." (*Id.* ¶ 2.)

7.      In fact, Defendant notified approximately 10,282 individuals that their personal information may have been impacted by the Incident. (Declaration of Charlie Meyers ("Myers Decl."), attached hereto as **Exhibit B**, ¶ 4.)

38326032.3

8.      Based on the foregoing, the putative class numbers more than 100 members.

**B.      Minimal Diversity Exists.**

9.      Under CAFA, the requirement for diversity of citizenship is relaxed; only minimal diversity—whereby "any member of a class of plaintiffs is a citizen of a State different from any defendant"—is necessary. 28 U.S.C. § 1332(d)(2)(A); *Dart Cherokee Basin Operating Co.*, 574 U.S. at 84. Minimal diversity is present here.

10.      Plaintiff alleges that he is a citizen of Maryland and that Defendant is a Washington, D.C. corporation with its principal place of business in Washington, D.C. (Ex. A, Compl., ¶¶ 6-7.)

11.      Given Defendant's and the District of Columbia's proximity to several other states, many of the individuals potentially impacted by the Incident reside outside the District of Columbia. Consistent with that, fewer than 20% of the individuals to whom Defendant gave notice of the Incident had residential addresses in the District of Columbia. (Ex. B, Myers Decl., ¶ 5.)

12.      Accordingly, minimal diversity exists here because at least one member of the putative class is a citizen of a state different from Defendant.

**C.      The Amount in Controversy Exceeds $5,000,000.**

13.      For removal to be proper under CAFA, Defendant is required only to "plausibl[y] alleg[e] that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89; *see also McMullen v. Synchrony Bank*, 82 F. Supp. 3d 133, 139 (D.D.C. 2015). Legal certainty of the amount in controversy is not required, and a "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88-89.

14.      Here, Plaintiff does not specify the amount of damages sought, but it is reasonable to conclude based on the allegations that the amount in controversy exceeds $5,000,000. Plaintiff

claims that "Plaintiff and Class Members have suffered and will continue to suffer" damages, including monetary losses, lost time, lost "opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach", among other things. (Ex. A, Compl., ¶ 88.) He seeks injunctive relief and "an award of actual, nominal and consequential damages." (*Id.*, Prayer for Relief.)

15. Based on these and other allegations in the Complaint and information currently available to Defendant, the amount in controversy plausibly could exceed $5,000,000. Indeed, each of the 10,282 individuals to whom Defendant gave notice of the breach—*i.e.*, the putative class Plaintiff seeks to represent—would need to recover less than $500 to surpass that threshold.

16. One example illustrates this point. Plaintiff alleges that his damages include the time he spent exploring credit monitoring options. (Ex. A, Compl., ¶ 12.) The retail price of "Equifax Complete," Equifax's *least* expensive credit-monitoring product available, is $9.95 per month.[1] Five years of that product thus retails for $597 ($9.95 x 12 x 5). Thus, the retail cost of credit monitoring alone could exceed $6 million on a class-wide basis, and that is without accounting for the other forms of damages that Plaintiff seeks to recover.

17. Accordingly, CAFA's amount-in-controversy requirement is satisfied here.[2]

---

[1]    https://www.equifax.com/personal/products/credit/monitoring-product-comparison/ (last visited on January 9, 2026).

[2]    In "alleg[ing] that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee*, 574 U.S. at 89, Defendant neither concedes the veracity of Plaintiff's allegations nor the propriety of class treatment, *see Hartis,* 694 F.3d at 945 ("The removing party need not confess liability in order to show that the controversy exceeds the [$5 million] threshold." (quotation marks omitted)). Defendant denies the merit of Plaintiff's claims, the legal theories upon which they are based, and the claims for monetary and other relief.

4

## VENUE IS PROPER IN THE DISTRICT OF COLUMBIA

18.     The U.S. District Court for the District of Columbia is the proper venue pursuant to 28 U.S.C. §§ 88, 1441(a) and 1446(a) because the State Court Action was filed in the Superior Court of the District of Columbia. 28 U.S.C. § 88.

## REMOVAL IS TIMELY

19.     A defendant has 30 days to remove after being brought into the case. 28 U.S.C. § 1446(b)(1); *Ballard v. D.C.,* 813 F. Supp. 2d 34, 37 (D.D.C. 2011). Formal service is required. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

20.     Defendant was served with the Summons and Complaint from the State Court Action on May 27, 2026. (Ex. A, Affidavit of Service of Class Action Complaint.) Accordingly, the deadline for Defendant to remove is June 26, 2026.

21.     This Notice of Removal therefore is timely under 28 U.S.C. § 1446(b).

## NOTICE AND STATE COURT DOCUMENTS

22.     Defendant is concurrently filing a copy of this Notice of Removal with the Clerk of the Superior Court of the District of Columbia and will promptly serve Plaintiff with a copy of this Notice of Removal and the Notice filed in the State Court Action, as required by 28 U.S.C. §1446(d).

## CONCLUSION

23.     This Notice of Removal is being filed without prejudice to Defendant's objections and defenses. Defendant intends no admission of fact, law, or liability by this Notice.

**WHEREFORE**, Defendant Lincoln Holdings LLC d/b/a Monumental Sports & Entertainment hereby removes the above-captioned action, which is now pending in the Superior Court of the District of Columbia.

38326032.3

Date: June 26, 2026

Respectfully submitted,

**KIERNAN TREBACH LLP**

*/s/ Matthew M. Davey*
Matthew M. Davey, Esq., #484524
Abraham Bluestone, Esq., #1780408
1776 Eye Street, N.W., 6th Floor
Washington, D.C. 20006
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
mdavey@kiernantrebach.com
abluestone@kiernantrebach.com
*Counsel for Defendant Lincoln Holdings, LLC d/b/a*
*Monumental Sports & Entertainment*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on June 26, 2026, a copy of the foregoing document was served via the Court's electronic service and electronic mail on:

Mark T. Freeman (DC Bar No. 90033920)
Laura Van Note, Esq.*
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone:(510) 891-9800
Email: lvn@colevannote.com
Email: mtf@colevannote.com
*Attorneys for Representative Plaintiff and the Plaintiff Class*

*Pro hac vice forthcoming*

*/s/ Matthew M. Davey*
Matthew M. Davey, Esq. (Bar #484524)

38326032.3